PETER F. CAMPBELL, Respondent, *v.* NELSON H. TUNNICLIFF, Appellant.

THOMAS A. CAMPBELL, Respondent, *v.* NELSON H. TUNNICLIFF, Appellant.

First Department, December 20, 1918.

Decedent's estate — validity of agreement between heirs of decedent and an attorney to pay latter percentage of property realized from estate and assigning such percentage — power of attorney — when not void ab initio.

Agreement between heirs at law and an attorney to pay the latter a percentage of moneys and property realized from the estate of the deceased and assigning such percentage to the defendant, and also a power of attorney executed to the defendant *held* not void *ab initio.*

PAGE, J., dissented, with opinion.

APPEAL in each case by the defendant, Nelson H. Tunnicliff, from a judgment of the Supreme Court in favor of plaintiffs,

entered in the office of the clerk of the county of New York on the 30th day of July, 1918, upon the decision of the court after a trial at the New York Special Term, and also from orders entered in said clerk's office on the 2d day of August, 1918, denying defendant's motion in each case to resettle the findings of fact and conclusions of law herein.

*Francis M. Scott* of counsel [*Scott, Gerard & Bowers,* attorneys], for the appellant.

*James A. O'Gorman* of counsel [*Almuth C. Vandiver* and *Leon N. Futter* with him on the brief; *O'Gorman, Battle & Vandiver,* attorneys], for the respondents.

PER CURIAM [*Peter F. Campbell* v. *Tunnicliff*]:

The judgment should be modified by reversing the 9th finding of fact, and by striking out the 1st, 3d, 4th, 5th, 6th and 21st conclusions of law; and by striking out the provisions of the judgment adjudging that the power of attorney to the defendant and the agreement between him and the plaintiff, and any assignment by him of an interest thereunder, were void *ab initio.* As so modified the judgment is affirmed, without costs.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and MERRELL, JJ. PAGE, J., dissented.

PER CURIAM [*Thomas A. Campbell* v. *Tunnicliff*]:

The judgment should be modified by reversing the 7th and 8th findings of fact and the 1st, 2d, 3d, 4th, 5th, 6th and 21st conclusions of law; and by striking out the provisions of the judgment adjudging that the power of attorney to the defendant and the agreement between him and the plaintiff, and any assignment by him of an interest thereunder, were void *ab initio.* As so modified, the judgment is affirmed, without costs.

Present — CLARKE, P. J., LAUGHLIN, SMITH, PAGE and MERRELL, JJ.; PAGE, J., dissented.

PAGE, J. (dissenting):

The actions were brought to vacate, annul and declare void an agreement entered into between the parties to these actions, whereby the plaintiffs, nephews and the heirs-at-law

.First Department, December, 1918. [Vol. 185.

of John William Campbell, who had died a resident of the State of California, agreed to pay to the defendant, an attorney-at-law, one-half of all moneys and property that might be obtained, realized or recovered from the said estate and the agreement assigns an undivided one-half interest in and to all such money or property so obtained, realized or recovered to the defendant. At the same time that this agreement was executed the plaintiffs gave to the defendant irrevocable powers of attorney authorizing him to apply by a petition in the name and stead of the plaintiffs to any Surrogate's Court, Probate Court or Civil Court or any court having jurisdiction over the estate of the said John William Campbell, and to collect, recover and receive all sums of money which shall become due to the plaintiffs, and otherwise to deal with the property that may be recovered as therein specifically set forth.

The complaints allege that the plaintiffs were induced to enter into this contract and execute the powers of attorney by reason of certain false and fraudulent representations made to the plaintiffs, and in reliance upon which they were induced to execute them, and that immediately after the discovery by plaintiffs of the fact that the said representations were false and untrue, the plaintiffs rescinded the said powers of attorney and assignment and terminated the employment of the defendant as their attorney and have offered to pay the defendant the reasonable value of the services rendered by him and any expenditure or disbursement or the amount of any liability incurred by the defendant as attorney for the plaintiffs and that they have at all times been and now are ready to make such payment to the defendant.

The complaints further allege that, notwithstanding this, the defendant is continuing to prosecute the proceedings in the courts of California, and judgment is asked canceling and annulling the said agreement and the powers of attorney and for an injunction restraining the defendant from assigning any rights he may appear to have under said agreements or powers of attorney, and from taking or authorizing any proceedings as attorney for the plaintiffs, and that the amount due to the defendant for services be ascertained in these actoins.

The answers admit the making of the agreements and

powers of attorney and a demand made upon the defendant for a cancellation thereof, and defendant admits that he has instituted proceedings in the Superior Court of the City and County of San Francisco, State of California, for the purpose of determining the question of heirship in *Matter of the Estate of John William Campbell,* and deny the other allegations of the complaints.

It will thus be seen that the gravamen of these actions is the procuring of the plaintiffs to execute the agreements and powers of attorney by reason of false and fraudulent representations and the rescission thereof by reason of such fraud. When the cases were tried, however, no effort was made to prove any of the allegations in the complaints of fraudulent representations. In fact, practically all the proof that was given consisted of the agreements and powers of attorney and the notice of revocation of the powers of attorney and repudiation of the agreements and of admission on the part of the defendant's counsel that the plaintiffs revoked the powers of attorney and the agreements, but that the defendant declined to concede their right so to do. Both sides then rested and the court has granted judgments for the plaintiffs declaring the agreements entered into to be void, on the ground of champerty. In other words, judgments have been entered based upon the findings of fact and conclusions of law that do not relate to the issues framed by the complaints and concerning which no evidence was received at the trial. The case, as alleged in the complaint, was not in any respect proved. The majority of this court, conceding that these judgments cannot be sustained, have decided to modify them by reversing the findings as to champerty and upon findings that the agreements and powers of attorney had been revoked affirm the judgments. I cannot assent to this result. The revocation was based upon the right to rescind because of false and fraudulent representations. The right of the client to terminate the employment was not the controversy between the parties. *Non constat,* if this had been the grounds upon which the plaintiffs had assumed to act, the attorney might not have challenged that right. But when the right was predicated upon his alleged fraud he was compelled to litigate that issue.

It is a well-settled rule of law in this State that notwithstanding the liberality of the courts in making or allowing amendments of pleadings, and, when the substantial rights of the parties have been fairly tried, giving judgment according to the real right of the case as established, yet as was said in *Wright* v. *Delafield* (25 N. Y. 266, 270): " But the whole scope of these provisions of the Code, in respect to pleadings and amendments thereof, implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata;* and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated."

This case has been repeatedly cited with approval and distinctly states a salutary rule of law that should be observed by the courts.

In my opinion we should not assume to decide in these cases what may be the rights of the parties nor to construe the validity or effect of the instruments in suit, leaving those questions to be determined in an action or proceeding brought by the parties hereto in assertion of any right that either of them may deem he has, if they are so advised.

In my opinion, the plaintiffs having wholly failed to prove their causes of action as alleged in the complaints, the judgments should be reversed, with costs, and the complaints dismissed.

Judgments modified as directed in opinion and as modified affirmed, without costs. Orders to be settled on notice.